**CLARK, Plaintiff-Appellant, v. DAYTON (City) et, Defendants-Appellees.**

Ohio Appeals, Second District, Montgomery County.

No. 2368.  Decided December 10, 1956.

Louis C. Capelle, Cincinnati, for plaintiff-appellant.

Herbert S. Beane, City Atty., Dayton, By James W. Drake, Joseph P. Duffy, Asst. City Attys., for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal on questions of law from the judgment of the Municipal Court of Dayton, overruling plaintiff-appellant's motion for judgment on the pleadings, and the plaintiff electing not to proceed further, dismissing the action.

Plaintiff filed an affidavit in replevin to obtain possession of a quantity of liquor which was taken by the Dayton Police Department in a raid. Plaintiff posted a bond in the sum of $1,000.00, and the defendant posted a redelivery bond in the sum of $1,500.00. No appraisement of the property was made as required by §2737.14 R. C. No answer was filed by defendant, but the defendant made appearance on the day the case was set for trial.

On the day of trial counsel for plaintiff orally moved for judgment on the pleadings. Plaintiff claimed the defendant was required to file an answer. The rules of court do not require an answer "in actions for the recovery of personal property, when the appraised value does

not exceed one hundred dollars." There being no appraisement, this Court cannot find from the record that the property had a value in excess of one hundred dollars, and that an answer was required. The motion for judgment on the pleadings was properly overruled.

Conceding, without deciding, that the property was actually worth far in excess of $100.00, as indicated by the amount of the bonds filed, the motion filed by plaintiff was essentially a motion to enter a default judgment for failure to file an answer. Rule 20 of the Court provides that when a party is represented by counsel default judgment may be rendered· "only after the expiration of one rule to plead within seven days after the entry is filed." Under the rule, a default judgment was not in order.

The plaintiff elected not to present evidence in support of his claim. Upon this state of the record the action was properly dismissed.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.